Ruth Anderson
vs.
W. V. Polleys, Jr., as Receiver for W. V. Polleys Company  } W. C. Pet. No. 1389.

June 13, 1933.

CHURCHILL, J. Heard on petition to establish liability of Metropolitan Casualty Insurance Company of New York.

I think the crux of this case is on the question as to whether or not there was an oral contract to renew compensation insurance. I am going to decide it broadly on that question of fact, although I have considerable doubt whether the young lady in Knibb's office had authority to renew, and also while I have some doubt, even if I should find Mr. Polleys used the language he said he did and which he said the young lady used, as to whether or not that would be sufficient on which to found an oral contract. I am not going to decide those two points

but on the broader question as to whether any contract came into existence.

Now, we start off with a situation like this: some time prior to the time when this conversation which Mr. Polleys testified to took place, Mr. Coe, who was a broker who was writing this risk, or who had written it, wrote to Mr. Polleys and advised him: "We are not renewing your Workmen's Compensation and Public Liability policies which expire August 20th, 1931"; so I do not think the situation is where there has been the ordinary course of business between the insurance broker and his customer and where we can easily imply a renewal from otherwise ambiguous language. We start off with the situation where there is a declaration on the part of the insurance company, through its agent, that "We are not renewing your Compensation insurance". Now, in point of fact, that has some bearing on the proof required here to show a binding renewal. You have not got an ordinary course of business which is being carried on with Polleys and where the language would be sufficient to indicate a renewal. Mr. Quinn was very frank in his testimony. He said he did not take the position that his conversation with Mr. Knibb was a formal renewal of that policy. He was quite frank about that and what was in his mind at the time; he said he instructed Mr. Polleys, himself, to see about the renewal, so that brings it down to the question as to what took place on that day; what was said and done on that day when Mr. Polleys saw the young lady in Mr. Knibb's office. Now, he went there with one object in view, at least, and that is shown by the testimony, by the documentary testimony, and that was in respect to some question that had arisen under a contract of marine insurance. He said he spoke about renewing the Workmen's Compensation and Public Liability, and she said she would attend to it. She went on the stand and denied it, and said the only conversation there was there was in respect to the marine policies. I am not forgetting the fact that she did testify in cross-examination that it was possible that the conversation took place in regard to the compensation policy and she might have forgotten it, but on the whole her testimony on that point was one of denial.

I come to the next piece of testimony which I have to consider and that is the letter of August 6th, 1931, written to Polleys by Knibb, who testified that the young lady in his office spoke to him in the afternoon of the day on which she had the conversation with Mr. Polleys, and that he wrote that letter as a result of that conversation. Now, that letter has nothing to say in regard to Workmen's Compensation insurance. It is simply a letter in regard to marine policies.

Now, the other documentary testimony in here, particularly in regard to the letters respecting the amount due from the receiver to Coe for policies written, the fact of the receiver's final report and other documents all confirm and corroborate the testimony of Mr. Knibb and the position of the defendant that no contract came into existence.

After weighing all the testimony and taking into consideration the corroboration of the defendant's position by the letter of August 6th, 1931, on the question of fact involved here, the Court decides that the petitioner has not made out a contract of renewal of the Workmen's Compensation policy by a preponderance of the testimony. I deny the petition filed here in regard to the Metropolitan Casualty Company.

For Ruth Anderson: F. I. McCanna.

For W. V. Polleys, Jr.: Comstock & Canning, Andrew Quinn.

For Metropolitan Casualty Company: McGovern & Slattery, Fred Perkins.